**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

September 23, 2022

Peter J. Walsh, Jr.
Kevin R. Shannon
Christopher N. Kelly
Mathew A. Golden
Callan R. Jackson
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Edward B. Micheletti
Lauren N. Rosenello
Skadden, Arps, Slate, Meagher & Flom LLP
920 N. King Street, 7th Floor
P.O. Box 636
Wilmington, DE 19899

Brad D. Sorrels
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801

> Re:  *Twitter, Inc. v. Elon R. Musk et al.*,
> C.A. No. 2022-0613-KSJM

Dear Counsel:

This letter addressed issues raised in the September 13, 2022 letter from Defendants

Elon R. Musk, X Holdings, Inc., and X Holdings II, Inc. (collectively, "Defendants"),

which this letter refers to as Defendants' "Sixth Discovery Motion." The motion seeks to

compel Plaintiff Twitter, Inc. ("Plaintiff") to produce documents that Defendants allege

were improperly withheld based on attorney-client privilege.[1] I assume that the reader is

---

[1] C.A. No. 2022-0613-KSJM, Docket ("Dkt.") 468 ("Defs.' Sixth Disc. Mot."); *see also* Dkt. 533 ("Pl.'s Opposition to Defs.' Sixth Disc. Mot.").

familiar with the factual background to this dispute, and I will skip to a discussion of the issues raised in Defendants' Sixth Discovery Motion.

Plaintiff has asserted attorney-client privilege over 7,220 documents. Defendants challenge the legitimacy of Plaintiff's privilege claims and the adequacy of Plaintiff's privilege log. As its broadest request for relief, Defendants request that the court find a blanket waiver of the attorney-client privilege as to all documents. In the alternative, Defendants request production of discrete sets of items from Plaintiff's privilege log, including emails for which no attorney is present on the to/from/cc/bcc line, email notifications for Google document comments, and emails concerning business advice.

The party asserting attorney-client privilege bears the burden of proving that the privilege applies to a particular communication.[2] To claim the privilege, the asserting party must make "a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality."[3] "If a party falls substantially short of the well-established requirements" for properly asserting privilege and describing the material in a privilege log, "then waiver is an appropriate consequence that helps dissuade parties from engaging in dilatory tactics."[4] In expedited proceedings, this court has offered additional leeway to parties in preparing their privilege log,

---

[2] *Moyer v. Moyer*, 602 A.2d 68, 72 (Del. 1992).

[3] *Klig v. Deloitte LLP*, 2010 WL 3489735, at *8 (Del. Ch. Sept. 7, 2010) (quoting *Int'l Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974)).

[4] *Mechel Bluestone, Inc. v. James C. Justice Cos., Inc.*, 2014 WL 7011195, at *6 (Del. Ch. Dec. 12, 2014).

acknowledging that "the parties might make some mistakes in determining whether some documents are privileged."[5]

The blanket waiver Defendants request is an extreme remedy. As support for this relief, Defendants cite two cases in which such a waiver was granted—*Klig* and *Mechel Bluestone*.[6]

In *Klig*, the asserting party's privilege log repeated verbatim one of five phrases all vaguely alluding to "legal advice" in its Description column for 97% of the entries.[7] Noting that the asserting party "made no effort to describe individual documents" and that "[i]t takes conscious effort to render a log so devoid of content," this court found that the party had waived its claim of privilege and required production of all documents.[8]

Plaintiff's privilege log descriptions are not as bare as those in *Klig*. Unlike the party asserting privilege in *Klig*, Plaintiff provides descriptions for each entry that state the type of document, the subject of the document, and the basis for asserting attorney-client privilege.[9] Defendants point to a few instances in which Plaintiff's production included

---

[5] *Sicpa Hldgs. S.A. v. Optical Coating Lab'y, Inc.*, 1996 WL 636161, at *16 (Del. Ch. Oct. 10, 1996).

[6] *Klig*, 2010 WL 3489735; *Mechel Bluestone*, 2014 WL 7011195.

[7] *Klig*, 2010 WL 3489735, at *1–2.

[8] *Id.* at *5.

[9] *See, e.g.,* Defs.' Sixth Disc. Mot., Ex. 1 ("Pl.'s Privilege Log") Nos. 153 ("Document analyzing substantial changes to draft 2021 Form 10-K reflecting legal advice and comment from in-house counsel concerning same."); 4219 ("Email chain reflecting legal advice from counsel regarding press release in connection with Twitter acquisition.").

documents with inconsistent privilege redactions. As noted above, however, expedited litigation affords some leeway in production errors, and in any event, the appropriate remedy in this case is merely correcting the specifically flagged erroneous entries.[10] Plaintiff has already agreed in opposition to supplement its descriptions for certain log entries that Defendants claim are insufficient.[11]

In *Mechel Bluestone*, the asserting party's privilege log included 590 entries that did not identify the parties to the communication or the attorney involved.[12] One-third of all documents requested were subject to a claim of privilege, and there was "no indication that Delaware counsel had any involvement in the preparation of the log."[13] Under these conditions, "[a]nyone who glanced at the log would realize that the entries were deficient," and the court ordered production of all 590 documents.[14]

Plaintiff's approach to withholding does not give rise to the same concerns present in *Mechel Bluestone*. Defendants argue that Plaintiff has withheld 22% of all its responsive, non-duplicative, non-automated documents as privileged, and that such a high percentage of withholding necessitates a finding of bad faith. The percentage of documents

---

[10] *Cont'l Cas. Co. v. Gen. Battery Corp.*, 1994 WL 682320, at *2 (noting the "tremendous volume of documents in dispute and the inherent difficulty of providing an adequate description without jeopardizing the privilege" in requiring that the parties amend their logs to provide additional information).

[11] Pl.'s Opposition to Defs.' Sixth Disc. Mot. at 21 n.15.

[12] *Mechel Bluestone*, 2014 WL 7011195, at *6.

[13] *Id.* at *8.

[14] *Id.* at *6.

withheld by Plaintiff, however, falls to 14% once duplicative, automated documents are reintroduced. Defendants' reliance on percentages also fails to recognize that half of the entries relate to the eight-week period occurring between Musk's tweet suggesting that the merger was "on hold" and his subsequent termination letter.[15] This period naturally invited an increase in privileged communications given the uncertainty of the merger.

Plaintiff has also demonstrated the efforts of its Delaware counsel to conduct a thorough review process, unlike in *Mechel Bluestone*. The Delaware counsel who certified Plaintiff's privilege log, Christopher Kelly, averred to the veracity of these efforts in an affidavit in support of Plaintiff's opposition.[16] This review process resulted even in the "downgrading" of 6,303 documents previously marked as privileged and subsequently produced.[17] This means that these thousands of documents were initially marked privileged, then reviewed and deemed non-privileged, and finally produced to Defendants without redactions.

In further support of a blanket waiver, Defendants make a sweeping accusation that Plaintiff's employees have a "practice of marking 'sensitive' communications as privileged and then copying a lawyer on such information."[18] For this proposition, Defendants cite Julianna Hayes's deposition testimony that she has "been trained many times to include a

---

[15] Pl.'s Opposition to Defs.' Sixth Disc. Mot. at 2.

[16] Dkt. 533 ("Kelly Aff.").

[17] Pl.'s Opposition to Defs.' Sixth Disc. Mot. at 3; Kelly Aff. ¶ 7.

[18] Defs.' Sixth Disc. Mot. at 15.

lawyer when there is sensitive information."[19]   Hayes also testified, however, that she learned this lesson throughout her career and could not think of any specific instances when she was instructed to do so while working at Plaintiff.  Defendants also point to one of Hayes's emails directing a document shared with a non-lawyer to be marked "privileged." Defendants further contend that the allegations made by Peiter Zatko support a finding that Plaintiff has over-asserted privilege to avoid discovery.

None of these arguments carry much weight in light of Delaware counsel's sworn statement detailing efforts to review each privilege log entry to confirm that the underlying document was in fact privileged, especially when Delaware counsel subsequently downgraded and produced 6,603 documents.

Defendants' motion for a blanket waiver is denied.

Beyond the request for blanket waiver, Defendants seek production of documents relating to 2,891 privilege log entries where no attorney is listed on the to/from/cc/bcc line. Defendants challenge Plaintiff's clawback of eleven Google Document comment emails. Defendants also argue that certain withheld documents concern mere business advice, and that the inclusion of an attorney on these communications does not render them privileged. Please be prepared to address these issues during the September 27 argument.  Note also that I am considering whether an *in camera* review of a sampling of the withheld

---

[19] Defs.' Sixth Disc. Mot., Ex. 11 at 47:24–49:10.

documents is appropriate and, if so, whether such a review could be conducted by a neutral third party appointed by the court.  Please be prepared to address this as well.

In sum, Defendants' motion for a blanket waiver is denied.  Defendants' remaining requests are held in abeyance pending the September 27 argument.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)